IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3189-D

RAPHAEL MAURICE ROGERS, et al., )
)
                       Plaintiffs, )
)
v. ) **ORDER**
)
J. MARK HERRING, et al., )
)
                      Defendants. )

Raphael Maurice Rogers ("Rogers") and five other current and former pretrial detainees, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Two plaintiffs seek leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2, 12], the remaining four plaintiffs have apparently been released from custody and failed to provide the court with a forwarding address as required by Local Civil Rule 83.3, EDNC [D.E. 4–10]. On October 21, 2011, Rogers filed a motion "to proceed further with only Gloria Doughty as other petitioner" [D.E. 14].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)

(quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). For the reasons explained below, the court dismisses the action.

I.

Plaintiffs' complaint (which Rogers wrote) asserts constitutional violations in the criminal proceedings against them, "discrimination" and "denial of equal protections of the law," and unacceptable conditions of confinement, including overcrowding, inadequate medical care, and unauthorized opening of legal mail. Compl. 3–4. Plaintiffs name as defendants three criminal defense attorneys, an assistant district attorney, two state court judges, and the Lenoir County Sheriff. Id. 2–3. Plaintiffs seek injunctive relief, as well as compensatory and punitive damages. Id. 4.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish,

2

441 U.S. 520, 535 n.16 (1979). As a practical matter, the analysis under the Due Process Clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson, 195 F.3d at 695. The first prong requires the plaintiff to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis omitted) (quotation omitted). Under the second prong, the plaintiff must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." Id. (emphasis omitted) (quotation omitted).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official "actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cnty., 528 F.3d 199, 206 (4th Cir. 2008).

As for plaintiffs' allegations concerning their criminal proceedings, plaintiffs assert unspecified violations of due process, denial of a speedy trial, inability to confront witnesses, and excessive bail. Compl. 3–4. In order to proceed, plaintiffs must show that their underlying convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See, e.g., Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Dunn v. Prince, 327 F. App'x 452, 453–54 (5th Cir. 2009) (per curiam) (unpublished); Walker v. Williams, C.A. No. 9:07-110-PMD, 2007 WL 486468, at *4 (D.S.C. Feb. 12, 2007) (unpublished). The complaint contains no plausible allegation that plaintiffs have met this condition. Moreover, to the extent plaintiffs challenge the legitimacy of pending charges against them, they must do so as part of their state criminal actions. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845–46 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Therefore, plaintiffs have failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for plaintiffs' allegations of racial discrimination, the Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiffs have not stated that they were treated differently from any person with whom they are similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Plaintiffs have not made plausible allegations

4

to support their equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, plaintiffs have failed to state a claim upon which relief may be granted, and this claim is dismissed.

As for plaintiffs' allegations concerning jail conditions, including overcrowding, inadequate medical care, and unauthorized opening of legal mail, plaintiffs' wholly conclusory allegations fail to meet the requirements of notice pleading. See Fed. R. Civ. P. 8. Simply put, plaintiffs have failed to give defendants notice of their claims or the factual basis upon which they rest. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Coleman, 626 F.3d at 190. Thus, the court dismisses this claim as frivolous.

Alternatively, plaintiffs have named defendants who are either immune from or otherwise not amenable to suit. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Defense attorneys do not act under color of state law and, therefore, are not amenable to suit under section 1983, whether privately retained, appointed by the state, or employed as public defenders. See, e.g., Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Prosecutors are absolutely immune when carrying out the judicial phase of prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Finally, plaintiffs' claims against the sheriff do not involve allegations of any specific act or omission by the sheriff, but instead are based on his supervisory position. However, the doctrine of respondeat superior generally does not apply to a section 1983 claim. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell, 436 U.S. at 694; Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994).

5

Finally, allowing this action to proceed poses numerous problems. First, because Rogers is not a lawyer, he may not assert any claim on behalf of another prisoner. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). Second, there is no evidence indicating that any plaintiff has exhausted administrative remedies with regard to any of these claims. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Moreover, in a suit brought by more than one plaintiff, each plaintiff must exhaust administrative remedies before he may join the action. See, e.g., Shariff v. Coombe, 655 F. Supp. 2d 274, 283–84 (S.D.N.Y. 2009). Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Third, four inmates are no longer incarcerated at their address of record, which dooms their ability to maintain any request for injunctive relief. See, e.g., Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009); Incumaa v.

Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).

II.

For the reasons stated, the court DISMISSES the action as frivolous pursuant to 28 U.S.C. § 1915A, and DENIES AS MOOT the motions to proceed in forma pauperis [D.E. 2, 12] and Rogers's motion [D.E. 14]. The clerk shall close the case.

SO ORDERED. This 26 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge