IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3189-D

| | | |
|---|---|---|
| RAPHAEL MAURICE ROGERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. MARK HERRING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 3, 2011, Raphael Maurice Rogers ("Rogers") and five other current and former pretrial detainees, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, asserting constitutional violations in the criminal proceedings against them, "discrimination" and "denial of equal protections of the law," and unacceptable conditions of confinement, including overcrowding, inadequate medical care, and unauthorized opening of legal mail. [D.E. 1] at 3–4. On October 27, 2011, the court reviewed the complaint and dismissed it as frivolous pursuant to 28 U.S.C. § 1915A [D.E. 15]. On November 9, 2011, Rogers filed a motion for appointment of counsel[1] and for reconsideration [D.E. 21]. On November 29, 2011, former plaintiff Saltino Branch notified the court of his change of address [D.E. 23].[2] On December 14, 2011, Rogers filed "another petition from

---

[1] The motion for appointment of counsel is not signed, as required by Rule 11 of the Federal Rules of Civil Procedure and Local Civil Rule 10.1. The court cautions Rogers to comply with the rules of this court.

[2] It appears that this plaintiff's name is Saltino Branch [D.E. 23], rather than Branch Saltino as reflected on the court's docket. On November 3 and 7, 2011, the court received returned as undeliverable copies of the court's order dismissing the case sent to four plaintiffs, including Branch. Branch "request[s] . . . any letters that were sent to Lenoir County after the 4th of October to be re-sent to me at Bertie Correctional." [D.E. 23] at 1. It does not appear that the clerk has re-mailed the court's prior order to Branch.

inmates at the Greene County Detention Center . . . . [who] suffer from the same violations of the law that I'm suing about" [D.E. 24].³ On December 19, 2011, Rogers filed grievance forms dated November 12 and December 12, 2011 [D.E. 25]. On January 19, 2012, Rogers filed a "declaration for entry of default" [D.E. 27]. On February 22, 2012, former plaintiff Gloria Doughty filed a declaration [D.E. 28].

The court first addresses Rogers's motion for reconsideration. Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rogers has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment. If anything, Rogers's motion and exhibits make clear that he seeks to challenge the legitimacy of pending charges against him, which he must do as part of his state criminal action. See [D.E. 15] at 4; see also Ballenger v. Owens, 352 F.3d 842, 845–46 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). To the extent Rogers seeks to challenge the conditions of his confinement, a claim which is cognizable under section 1983, his grievances

---

³ Rogers may not assert any claim on behalf of another prisoner. [D.E. 15] at 6.

2

are dated after he filed his complaint, indicating that his claim is subject to dismissal without prejudice pursuant to 42 U.S.C. § 1997e(a).[4] See Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524, 532 (2002); Booth v. Churner, 532 U.S. 731, 740–41 (2001); see also Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Finally, to the extent Rogers relies on state statutes governing petitions for writ of habeas corpus, such proceedings have no relevance to this court.

Alternatively, to the extent Rogers seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... or fraud, ... misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Rogers fails to establish a meritorious claim or defense. Accordingly, Rogers fails to meet Rule 60(b)'s threshold requirements.

As for Rogers's motion for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296

---

[4] The court raised the issue of non-exhaustion in its prior order. [D.E. 15] at 6.

3

(1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Rogers's abilities do not present exceptional circumstances. Accordingly, Rogers's motion to appoint counsel [D.E. 21] is denied.

Finally, Rogers seeks entry of default [D.E. 27]. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). In this case, no defendant was required to answer the complaint because the court dismissed it. Rogers's motion for entry of default [D.E. 27] is denied.

II.

For the reasons stated, the court DENIES Rogers's motions [D.E. 21, 27], and DIRECTS the clerk to send a copy of this order to all former plaintiffs in this case, along with another copy of the court's prior order [D.E. 15] to Branch at his current place of incarceration.

SO ORDERED. This 5 day of April 2012.

JAMES C. DEVER III
Chief United States District Judge